CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH EDWARD MONROE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00122 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL MARSHALL, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

This matter is before the court on Joseph Edward Monroe's civil rights action, brought pursuant to 42 U.S.C. § 1983, against twenty-two defendants, including various government officials such as President Barack Obama and Secretary of State Hillary Clinton, in which Monroe is apparently challenging his underlying federal criminal conviction[1] in this court.[2] As relief, Monroe seeks $1 million from each of the twenty-two defendants as well as an unspecified amount of punitive damages. The court finds that Monroe's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) because he has not demonstrated that his underlying conviction has been declared invalid. Accordingly, the court dismisses Monroe's action without prejudice for failure to state a claim.

I.

It is not clear what constitutional violations Monroe is claiming; however, to the extent Monroe seeks damages on the basis that his confinement is unconstitutional, his claim fails. In order to recover damages for unlawful confinement, Monroe must demonstrate that his current

---

[1] See United States v. Monroe, Criminal Case No. 3:94cr00041-4 (W.D. Va. 1995).

[2] The court notes that Monroe's complaint is largely nonsensical; however, based on his attached affidavit, the court's best construction is that Monroe is challenging his underlying federal criminal conviction which he claims is "void abnitio for want of federal jurisdiction." It appears that, in 1994, Monroe was charged in state court with a drug crime. The state prosecutor ultimately nolle prossed his state case and the U.S. Attorney's office picked up his case and pursued it to conviction. Monroe apparently believes that the federal government violated his rights in picking up the prosecution of his case which was nolle prossed by the state.

confinement was "declared invalid by a state tribunal authorized to make such determination" or that it was "called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. As Monroe's confinement has not been declared invalid and a writ of habeas corpus has not been issued, he cannot recover damages.

## II.

For the reasons stated, the court dismisses Monroe's complaint without prejudice for failure to state a claim.

The Clerk of the Court is directed to send a certified copy of this Order and accompanying Memorandum Opinion to the plaintiff.

ENTER: This 15th day of March, 2011.

United States District Judge